UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TIMOTHY ANDERSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:15CV461 RWS |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983 and the Religious Freedom Restoration Act. Having reviewed plaintiff's financial information the Court assesses a partial initial filing fee of $25.00, which is twenty percent of his average monthly deposit. See 28 U.S.C. § 1915(b).

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

Plaintiff has been charged with conspiracy to distribute and possess heroin with the intent to distribute heroin and possession with intent to distribute heroin. United States v. Anderson, 4:13CR164 RWS (E.D. Mo.). That case is currently awaiting trial before me. In his criminal case, plaintiff − who has insisted on representing himself with the assistance of standby counsel only − has repeatedly argued that he has a right under the First Amendment and the Religious

Freedom Restoration Act, 42 U.S.C. § 2000bb (RFRA), to conspire to distribute and possess heroin. In the instant civil case plaintiff alleges that he "is a student of Esoteric and Mysticism studies" and that he distributes heroin to "the sick, lost, blind, lame, deaf, and dead members of Gods' Kingdom" to save their souls and further his religious beliefs. Plaintiff admits that he "does not formally ascribe to any organized religion" and that his "religion beliefs derive from his transcendental union with the divine in this Life through meditation and other disciplines." Plaintiff claims that he formed "a religious non-Profit" called K.O.D.I. "for the purpose of carrying out the mandates of the Royal Law, and the biblical directives contained in James 1:27." Plaintiff admits that he provides heroin to others, alleging that his "practice of providing herion [sic], for the express purpose of faith-based detoxification and maintenance treatment programs for the sick and afflicted adult individuals is an exercise of [his] sincerely held religious belief." Plaintiff believes that his prosecution for "offering herion [sic] for the expressed purpose of detoxification treatment and maintenance treatment" violates his rights to practice his "religion" under the First Amendment and the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb. He seeks a declaration that the decision of the government "to require plaintiff to be held for trial on the alleged indictment [is] in violation of RFRA" and that he be "permitted as of right to use herion [sic] as a religious detoxification method for all of its intended and stated purposes."

In the interests of justice, I addressed the arguments raised in this case in Anderson's underlying criminal case. And, for the reasons set out in my Memorandum and Order dated June 5, 2015 [714] in Cause No. 4:13CR164, plaintiff's argument is legally frivolous and fails to state a claim upon which relief may be granted. The First Amendment is not implicated when the government enforces neutral, generally applicable, valid narcotics laws. E.g., Employment Div., Dept. of Human Resources of Oregon v. Smith, 492 U.S. 872, 890

(1990) (denying Free Exercise Clause claim by sacramental peyote users because the right to free exercise of religion does not relive an individual of the obligation to comply with a valid and neutral law of general applicability on the ground that the law proscribes conduct that his religion prescribes); United States v. Meyers, 95 F.3d 1475, 1480-81 (10th Cir. 1996) (same; distribution of marijuana). "While the freedom to believe and profess whatever religious doctrines one desires is absolute, the freedom to act cannot be." Id. at 1480. "Conduct remains subject to regulation for the protection of society. The freedom to act must have appropriate definition to preserve the enforcement of that protection." Cantwell v. Connecticut, 310 U.S. 296, 304 (1940). Moreover, plaintiff lacks a valid defense to prosecution under RFRA as the government has a compelling interest in regulating heroin and the Controlled Substances Act is the least restrictive means to achieve this interest. For the same reasons set out in my Memorandum and Order dated June 5, 2015 [714] in Cause No. 4:13CR164, this action is dismissed under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $25.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of June, 2015.